UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIERRA CLUB,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF INTERIOR,<br><br>    Defendant. | Case No. 18-cv-00797-JSC<br><br>**ORDER RE: PLAINTIFF'S REQUEST FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 43 |

Plaintiff Sierra Club sues the United States Department of Interior ("Defendant" or "Department") alleging violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, arising out of Plaintiff's requests for documents from the Department in September 2017 and February 2018.[1] (Dkt. No. 12.)[2] Now before the Court is Plaintiff's request for leave to file a second amended complaint to assert an additional claim under FOIA.[3] (Dkt. No. 43.) After careful consideration of the parties' arguments, the Court DENIES Plaintiff's request. Plaintiff seeks to add an additional claim under FOIA covering a later timeframe for responsive documents, and granting Plaintiff's request would prejudice Defendant and other FOIA litigants.

## BACKGROUND

### I. Factual Background

On September 22, 2017, Plaintiff made a formal request under FOIA for external communications of Department officials Ryan Zinke, David Bernhardt, James Cason, Scott Cameron, and Susan Combs. (Dkt. No. 12, Ex. A.) That same day Plaintiff made a separate FOIA request for external communications of Bureau of Land Management official Kathleen

---

[1] Both parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 7 & 9.)
[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.
[3] Pursuant to the Court's instructions at the April 4, 2019 case management conference, the parties submitted a joint letter brief regarding Plaintiff's request for leave to file. Thus, the request was not noticed for hearing and the parties did not submit separate motions on the issue.

Northern District of California

Benedetto. (*Id.*, Ex. B.) Both requests covered "the time period starting from January 23, 2017, through the date of [the Department's] search for records in response to [the] request." (*Id.* at 13, 25.) On February 9, 2018, Plaintiff filed separate FOIA requests for the external communications of Department official Daniel Jorjani and Fish, Wildlife and Parks official Aurelia Skipwith. (*Id.*, Exs. C-D.) The requests covered "the time period starting from January 23, 2017, through the present." (*Id.* at 36, 48.) According to a March 5, 2019 status report, "Defendant has produced almost 14,000 pages" pursuant to Plaintiff's FOIA requests. (Dkt. No. 39 at 2.)

On February 20, 2019, over a year after Plaintiff's last FOIA request at issue in this lawsuit, Plaintiff filed another FOIA request for the external communications of previous sources Ryan Zinke, David Bernhardt, James Cason, Scott Cameron, Aurelia Skipwith, and Susan Combs. (Dkt. No. 43-1, Ex. E.) The new request seeks documents for the period "starting from March 1, 2018, through the date of [search]." (Dkt. No. 43-1, Ex. E.) Defendant acknowledged receipt of the new request on February 26, 2019, assigned it a control number, and began its initial search for responsive records. (Dkt. No. 43 at 3.)

## II. Procedural History

Plaintiff filed its original complaint on February 6, 2018, alleging FIOA violations based on Defendant's failure to comply with the September 2017 document requests within the applicable statutory timeframe. (Dkt. No. 1.) Plaintiff filed the first amended complaint on March 26, 2018, alleging FOIA violations based on Defendant's failure to comply with both the September 2017 and February 2018 document requests. (Dkt. No. 12.) The parties filed the instant joint letter brief on May 3, 2019, pursuant to the Court's instructions at the April 4, 2019 Case Management Conference.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15 provides that leave to amend the pleadings before trial should be given freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend is to be granted with "extreme liberality." *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). District courts should consider five factors in deciding whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4)

2

futility of amendment, and (5) whether the plaintiff has previously amended the complaint. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also California v. Neville Chem. Co.*, 358 F.3d 661, 673 (9th Cir. 2004). Prejudice to the opposing party is the consideration that "carries the greatest weight" in the *Foman* analysis. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

**DISCUSSION**

The basis for Plaintiff's motion is that Defendant has produced only "stale" documents that are up to date through March 2018 in response to the September 2017 and February 2018 FOIA requests; thus, leave to amend is warranted to assert a new claim based on Plaintiff's February 2019 FOIA request for documents covering the time period from March 1, 2018 through the date of an updated search. Plaintiff asserts that its new claim based on the February 2019 FOIA request was "the direct outgrowth of the original claim for relief," and "was necessitated by [Defendant's] slow and inadequate response to Sierra Club's initial FOIA claim." (Dkt. No. 43 at 1.) Plaintiff argues that its request meets the Rule 15 standard for amendment because there is no evidence of undue delay on its part, and there is no prejudice to Defendant.

Defendant counters that it will be prejudiced by amendment because the second amended complaint "adds a new and separate FOIA request" and Defendant "does not have the resources to enlarge this case to include a new [claim]." (*Id.* at 4.) Defendant further argues that because it processes FOIA requests on a "first in, first out basis," Plaintiff is essentially "trying to 'leapfrog' over" earlier FOIA claimants. (*Id.*) Defendant notes that it has a current backlog of 1,591 requests and Plaintiff's February 2019 request "is near the end of the line." (*Id.*) Defendant argues that granting leave to amend will thus "prejudice[ ] other FOIA requesters and litigants without similar access to sophisticated legal counsel and incentivizes potentially unlimited amendments to pleadings." (*Id.*) Defendant asserts that the new claim should instead "be handled in a new and separate case on a new and separate timetable."[4] (*Id.*)

---

[4] Defendant asserts that if the Court denies Plaintiff's request and requires it to file a new case, Defendant "will stipulate to an order deeming the two cases related[ ] and transferring the new case" to this Court. (Dkt. No. 43 at 5.)

3

The Court agrees that granting leave to amend is prejudicial for two reasons.  First, Defendant is still in the process of complying with the September 2017 and February 2018 requests, both of which include the same sources of documents sought in the new February 2019 request.  Given the time periods covered by Plaintiff's September 2017 and February 2018 requests (i.e., January 23, 2017 through the date of search), there must be some clear stopping point date-wise for the requests at issue in this action, otherwise Defendant would be required to continually produce documents as they were generated.  In other words, Plaintiff could conceivably raise the same arguments in support of amendment a year from now to assert a new claim based on *another* new FOIA request.  Second, granting leave to amend would prejudice other FOIA litigants given the Department's backlog of FOIA requests and its processing of such requests on a first-come, first-served basis.  Of course, Plaintiff filed the motion in the first instance because Defendant has failed to comply with its FOIA obligations and thus has a significant backlog of requests creating the situation in which Defendant has not yet fully complied with a request made more than a year ago.  Defendant's deficiencies in complying with the previous FOIA requests do not, however, warrant adding an additional claim to the instant action.

Accordingly, the Court concludes that prejudice to Defendant and other FOIA litigants weighs against granting leave to amend.  Plaintiff can instead assert its February 2019 FOIA request as the basis for a new suit, which this Court will relate to the instant action.

## CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiff's request for leave to file a second amended complaint.  This Order disposes of Docket No. 43.

**IT IS SO ORDERED.**

Dated: May 6, 2019

_Jacqueline Scott Corley_
JACQUELINE SCOTT CORLEY
United States Magistrate Judge